FILED
United States Court of Appeals
Tenth Circuit

February 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EZEKIEL DAVIS,

        Plaintiff – Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; JIM KEITH, Warden; SADA
JONES; CHIEF COTTON, Chief of
Security; OKLAHOMA DEPARTMENT
OF CORRECTIONS; JOHNNY
BLEVINS, Director of Internal Affairs;
ROBERT HERT; REBECCA ADAMS,

        Defendants – Appellees.

Nos. 11-7027 & 11-7044
(D.C. No. 6:09-CV-00466-RAW-SPS)
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of these

consolidated appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is

therefore ordered submitted without oral argument.

In these consolidated appeals, Plaintiff challenges the district court's dismissal of

his 42 U.S.C. § 1983 prisoner complaint based on his failure to exhaust administrative

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

remedies. Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections. At all times relevant to this case, he was incarcerated in a private prison operated by the Corrections Corporation of America. In his complaint, Plaintiff alleged that ODOC, CCA, and various correctional officials and prison employees violated his constitutional rights by, inter alia, forcing him to remain in a lock-down cell for three months with a cell-mate who was mentally ill, aggressive, and HIV-positive. The district court agreed with Defendants that Plaintiff had not exhausted his administrative remedies by completing the prison grievance process, and the court therefore dismissed Plaintiff's complaint without prejudice.

Exhaustion of available administrative remedies is mandatory under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). However, as this court has recently reemphasized, "[t]he plain language of the PLRA requires that prisoners exhaust only *available* remedies. It follows that if an administrative remedy is not available, then an inmate cannot be required to exhaust it." *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (citation omitted). "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). "Based on this principle, we have obligated district courts to ensure that any defects in exhaustion are not procured from the action or inaction of prison officials." *Tuckel*, 660 F.3d at 1252 (quotation marks and brackets omitted).

In this case, Plaintiff alleges—and Defendants' evidence confirms—he submitted approximately five informal complaints about his housing assignment to his unit manager and others. ODOC's grievance policy requires staff members to provide an inmate with a written response to an informal complaint within ten working days. However, Plaintiff alleges he never received a written response to his complaints, and Defendants do not dispute this allegation. Indeed, Plaintiff's unit manager conceded in her affidavit that she did not respond to his informal complaints in writing.[1]

Because Plaintiff never received a written response to his informal complaints, his formal grievances were repeatedly rejected based on the lack of a staff response to the attached complaints. Defendants contend, however, Plaintiff could still have availed himself of the prison grievance procedure by (1) sending his informal complaints through his unit clerk so they would be logged, providing him with evidence of his attempts to resolve the matter informally, and/or (2) filing a grievance regarding the unit manager's failure to respond to his informal complaints. As for the first suggestion, Defendants point to nothing in the submitted ODOC or prison grievance policies that call for informal complaints to be logged by a unit clerk. The grievance policies included in the record simply state that informal complaints should be given to unit staff, a description which

_____

[1] She contends a written response was unnecessary because Plaintiff told her in person that his issues with his cell-mate had been resolved; he contends she never spoke to him about it or took any other action on his complaints. Either way, the unit manager clearly did not follow ODOC's grievance policy, which does not list any exceptions to the requirement for staff to provide a written response to inmates' informal complaints.

would appear to include the unit manager. We will not impose a requirement that is never mentioned in the applicable written policies. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). As for Defendants' second suggestion, the record reflects Plaintiff attempted to file a grievance regarding the lack of a staff response to his informal complaints about the housing situation. However, this grievance was again rejected because the staff portion of the attached informal complaints was not filled out. In returning this grievance, the grievance coordinator stated, "The attached [informal complaints] are incomplete. I have forwarded a copy of them to Unit Manager Jones for her review and completion." (R. vol. 1 at 102.) There is no indication the unit manager ever reviewed or completed these forms, and it is not clear what, if anything, Plaintiff could have done at this point to have his underlying complaint heard.

Because prison staff failed to comply with the requirement to provide a written response to Plaintiff's informal complaints and then rejected all of his formal grievances—even his grievance about the lack of response—based on this lack of response, the prison grievance process did not make an administrative remedy available to Plaintiff. The district court therefore erred in dismissing Plaintiff's complaint based on his failure to complete the prison grievance process.

On appeal, Defendants raise several alternate grounds for affirming the dismissal of Plaintiff's complaint. The district court did not rule on these issues below, and we think it best for these issues to be determined in the first instance by the district court on remand.

We accordingly **REVERSE** the district court's dismissal of Plaintiff's complaint and **REMAND** for further proceedings in accordance with this decision. We **GRANT** Plaintiff's motion to proceed *in forma pauperis* on appeal and remind him of his obligation to continue making partial payments until his entire filing fee has been paid in full. All other pending motions are **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge